

Accused Mineral Operator:
David Everist
7447 Thompson Creek Rd.
Applegate, Oregon 97530
(541) 973-1239

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No.: CR-09-479-MO |
| against, ) | NOTICE OF REQUEST FOR JUDICIAL REVIEW |
| David Everist, ) | OF FINAL AGENCY ACTION |
| (CLAIMANT) Defendant. ) | |

YOU WILL PLEASE TAKE NOTICE:

The above-captioned Claimant, does hereby serve Due Notice upon the Forest Service; and to the Court:

### NOTICE OF REQUEST FOR JUDICIAL REVIEW

Pursuant to the Administrative Procedures Act ("APA") (90 Stat. 2721) 5 U.S.C. § 551 *et seq.* and more particularly sections 702 and 704, Claimant, Davis Everist does hereby respectfully request a judicial review of the final agency action ("cease and desist" order) of the Forest Service herein, for the reasons and on the grounds just below:

NOTICE OF REQUEST FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION
Page 1 of 8

The above-captioned Claimant is suffering legal wrong because of the said "cease and desist" order, and are suffering significant adverse economic impacts directly attributable to the "cease and desist" order of District Ranger, Linda Duffy. Moreover, the record herein contains evidence of injuries, identified and particularized by Claimant, which are concrete and ascertainable.

Pursuant to the Administrative Procedures Act, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. The APA further provides that the court shall:

(2) hold unlawful and set aside agency action, findings, and conclusions found to be-

    (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

    (B) contrary to constitutional right, power, privilege, or immunity;

    (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

    (D) without observance of procedure required by law;

    (E) unsupported by substantial evidence...; or

    (F) unwarranted by the facts.... 5 U.S.C. § 706(2).

Thus, a threshold requirement for judicial review under the APA is "some 'agency action' that affects" the party seeking

review. Lujan v. National Wildlife Fed'n., 497 U.S. 871, 882 (1990). Where review is sought pursuant to the general review provisions of the APA, rather than to specific authorization in the substantive statute at issue, the "agency action" in question must be "final agency action." Id. (quoting 5 U.S.C. § 704)("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.").

An agency action is "final" if it marks "the 'consummation' of the agency's decision making process" and is "one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow.'" Bennett v. Spear, 520 U.S. 154, 178 (1997)(internal citations omitted). Legal consequences flow from an agency action that "alter[s] the legal regime to which the agency action is subject." Id. A settlement agreement can constitute a judicially reviewable final agency action where it is alleged that the agency "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations" in agreeing to the settlement. U.S. v. Carpenter, 526 F.3d 1237, 1241-42 (9th Cir. 2008)(citing Guadamuz v. Bowen, 859 F.2d 762, 767 (9th Cir. 1988); Executive Business Media, Inc. v. U.S. Dept. of Defense, 3 F.3d 759, 761 (4th Cir. 1993)).

////

<u>YOU WILL PLEASE TAKE NOTICE</u>:

This instant agency action of the U.S.D.A. Forest Service, ending with the "cease and desist" order by District Ranger, Linda Duffy and resulting in this instant criminal action against Claimant, marks "the 'consummation' of the agency's decision making process" and is "one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow'" and is, therefore, a "final agency action" subject to judicial review.

That although the Forest Service did promulgate rule changes in May of 2007, and although it purports to be implementing those changes in this instant case, authority to regulate mineral entry was not promulgated; authority to regulate private property rights was not promulgated; authority to manage mineral resources was not promulgated.

The implementation of a new construction of rule 36 C.F.R. § 261.10(b), in this instant case, not only contradicts its own provisions at []261.1(b) it represents a dramatic and arbitrary change in the manner in which the Forest Service and private mineral estate owners have historically interacted in dealing with issues concerning private mineral rights. The record herein clearly shows that, said implementation in this case is both substantively contrary to law and procedurally deficient.

Moreover, this instant construction of the rule by the Forest Service represents a constructive threat to that which is essential to our "Nation's defense and economic well-being." (See, 30 U.S.C. § 1801).

### Proposed Rule Implementation is a Substantive Rule Change

This new construction of the rule, as proposed in this instant case, does not merely implement, rather *it substantially* changes 36 CFR § 261.10(b), and also changes §§ 261.1(b), 251.50(a) and 228 contrary to well-settled law and rights, as more fully set-forth in this Court's record herein.

Furthermore, as clearly demonstrated in this record, the implementation of this proposed construction of the rule eliminates the longstanding exemptions of the Forest Service rules themselves which stem from statutorily protected rights; right of entry and the enjoyment of other private mineral rights previously exercised by small operators.

### NOTICE OF PROCEDURAL CHALLENGE

The APA requires public notice and comment procedures before a legislative rule can be adopted or changed. 5 U.S.C. §§ 551(5), 553; Cooper University Hosp. v. Sebelius, 2009 WL 3234625 (3rd Cir. 2009). "The essential purpose of according...notice and comment opportunities is to reintroduce public participation and fairness to affected parties after government authority has been delegated to unrepresentative

NOTICE OF REQUEST FOR JUDICIAL REVIEW OF FINAL AGENCY ACTION
Page 5 of 8

agencies." Dia Nav. Col, Ltd. V. Pomeroy, 34 F.3d 1255, 1265 (3rd Cir. 1994). Thus, an agency seeking to introduce a new legislative rule "must publish a notice of proposed rulemaking in the Federal Register, which is the guide for those members of the public - usually special interest groups - who want to participate in the rule making process." Riverbend Farms, Inc. v. Madigan, 958 F.2d 1479, 1484 (9th Cir. 1992). The notice must contain "(1) a statement of the time, place, and nature of public rule making proceedings; (2) reference to the legal authority under which the rule is proposed; and (3) either the terms or substance of the proposed rule or a description of the subject and issues involved." 5 U.S.C. § 553(b). Although the APA mandates no minimum comment period, "some window of time, usually thirty days or more, is then allowed for interested parties to comment." Petry v. Block, 737 F.2d 1193, 1201 (D.C. Cir. 1984).

YOU WILL PLEASE TAKE NOTICE:

The Forest Service failed to provide the requisite public notice and comment period, as required by law, prior to its legislative rule change [36 CFR § 261.10(b)] which purports by implementation of a new construction in this instant case to regulate mineral entry by usurpation of legislative authority to regulate private mineral rights; has thereby unlawfully charged

Claimant as a criminal herein for the act of peaceable mineral entry and possession of his own property.

**THEREFORE**, for the reasons and on the grounds set-forth hereinabove, Claimant, David Everist does hereby respectfully request, as a matter of right, that the Court review the final agency action of the Forest Service, the "cease and desist" order of District Ranger, Linda Duffy herein. Claimant does hereby further request the Court to hold unlawful and set aside the same "cease and desist" order as a matter of law, and having considered the facts surrounding the law as more fully set forth in the Court's own record.

## NOTICE OF ORAL HEARING

Claimant does not request an oral hearing for the review requested, since all of the necessary documentation and evidence are on record within the Court's file herein. It would be an extreme hardship at this time for this Claimant to travel 300 miles to Portland for a hearing on this request. Finally, Claimant, at this time, has nothing further to add to the record on behalf of this instant request beyond that which is already to be found in this Court's own record, including but not limited to- (Claimant's) "Defendant's" "Notice[s] and Demand[s]," "Exhibits" and "Affidavit... of David Everist," already on file in this instant case.

## NOTICE OF RIGHTS RESERVED

If the Court should decide that an oral hearing is nevertheless legally required, Claimant reserve his right to time and his right to personal legal counsel to represent him at such hearing, and his right to timely notice from the Court and time to find and retain counsel, if necessary.

Respectfully submitted,

Date: 5-14-2010  *David Everist* (signature)

## Certificate of Service

I, David Everist, do hereby Certify and Affirm that, I did serve a True and Correct copy of the foregoing legal document upon, Assistant United States Attorney, Neil J. Evans, by placing the same in a sealed envelope, postage pre-paid certified mail, return receipt requested, addressed and directed to the Office of said US Attorney, at- "*The Office of the U. S. Attorney, US District Court, 1000 S.W. 3rd Avenue, Portland, Oregon 97204.*

*David Everist* (signature)