

Accused Mineral Operators:
David Everist
7447 Thompson Creek Rd.
Applegate, Oregon 97530
(541) 973-1239

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

    against,

David Everist,

(CLAIMANT) Defendant.

Case No.: CR-09-479-MO

"CLAIMANT'S" NOTICE OF MOTION AND NOTICE OF RESERVED RIGHTS TO TIME AND LEGAL COUNSEL

YOU WILL PLEASE TAKE NOTICE:

The above-captioned Claimant does hereby serve Due Notice upon the Forest Service and the Court as follows:

Claimant intends to bring suit against the Forest Service herein for monetary damages under the authority of the Little Tucker Act and the Administrative Procedures Act, by way of Motion to this Court at such time as interested parties shall find it convenient and as directed by the Court. In preparation for the motion, certain prerequisites have been addressed just below:

## JURISDICTIONAL STATEMENT

### The, Little Tucker Act

The Little Tucker Act, 28 U.S.C. § 1346(a)(2) waives sovereign immunity to suit for monetary damages on a wide variety of claims. Specifically, the Act confers on district courts original jurisdiction, concurrent with that of the Court of Federal Claims, over "[a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or *any regulation of an executive department*, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." See, United States v. Mitchell, 463 U.S. 206, 212-16 (1983).

The Act is a jurisdictional statute. Because it does not provide an independent right of action, courts must look elsewhere for a source. See, United States v. Testan, 424 U.S. 392, 400 (1976).

In fact, "courts have uniformly held that jurisdiction under the 'founded upon the constitution' grant of the Tucker Act is limited to claims under the 'takings clause' of the Fifth Amendment." Clark v. Library of Congress, 750 F.2d 89, 103 n. 31 (D.C. Cir. 1984); see also Testan, 424 U.S. at 401 (noting that takings cases are permitted under the Tucker Act because Takings Clause is self-executing).

## The Administrative Procedures Act, 90 Stat. 2721

The Congress has enacted a partial waiver of the sovereign immunity defense as to judicial review under the Administrative Procedure Act, 5 U.S.C. § 701, et seq. By Pub. L. No. 94-574, Act of October 21, 1976, *90 Stat. 2721*, 5 U.S.C. § 702 was amended to provide that an ("action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.") In addition, 5 U.S.C. § 703 has been amended to allow suit to be brought against the United States or any of its agencies or officers.

The sovereign immunity defense has been withdrawn only with respect to actions seeking specific relief other than money damages, such as an injunction, a declaratory judgment, or a writ of mandamus. Bowen v. Massachusetts, 487 U.S. 879 (1988). *Specific statutory provisions for the recovery of money damages, such as the Little Tucker Act and the Federal Tort Claims Act, are unaffected.* See, H.Rep. 94-1656, p. 13, 1976 U.S. Code Cong. & Ad. News 6133. (Emphasis added.)

Another barrier to judicial review of administrative action was removed by section 2 of *Pub.L. No. 94-574*, which amended

28 U.S.C. § 1331(a) so as to eliminate the $10,000 amount-in-controversy requirement in actions against the United States, any agency thereof, or any officer or employee thereof in his official capacity. This provision persuaded the Supreme Court to conclude that, subject to preclusion-of-review statutes, <u>jurisdiction to review agency action is conferred by 28 U.S.C. § 1331</u>, and that the Administrative Procedure Act is not an independent grant of jurisdiction. <u>See</u>, <u>Califano v. Sanders</u>, 430 U.S. 99, 105-07 (1977).

## NOTICE OF STANDING

Whether a party has standing under Article III of the Constitution is a "threshold jurisdictional question" that a court must decide prior to considering the merits of the action. <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102. The Supreme Court has held that the "irreducible constitutional minimum of standing" contains the following three elements:

> First the [plaintiff] must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) "actual or imminent, not "conjectural' or hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly ... trace[able] to the challenged action of the [defendant]...."
> Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

<u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).

1  When a suit challenges the legality of government action or inaction, the proof required to establish standing "depends considerably upon whether the [plaintiff] is himself an object of the action (or forgone action) at issue." Id. at 561-62. "If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it." Id.

Claimant, David Everist is convinced and does hereby assert that the evidence in this Court's record clearly demonstrates proof that he has met the burden to establish these elements of standing.

### NOTICE OF INJURY-IN-FACT

Claimant alleges that the agency action of the Forest Service herein, ("cease and desist" order and the commencement of criminal action under authority of said order) represents an unlawful taking of private property under color of Forest Service regulation and **contrary to the 'takings clause' of the Fifth Amendment.**

Claimant has suffered legal wrong and significant economic losses as a direct and proximate result of the Forest Service's decision to serve the "cease and desist" order; losses directly attributable to said agency action. Moreover, this instant agency action has caused loss of, grub-stake, farm-outs, sales and joint operating agreements in mineral operations on a day to

day basis since the personal service of said "cease and desist" order in May, 2009, all directly attributable to the final agency action of the Forest Service herein.

Relevant to this Notice is the case of a request for preliminary injunction (concerning ownership of oil and gas producing properties) in which the Tenth Circuit recently held, "when 'interests involving real property are at stake, preliminary injunctive relief can be particularly appropriate because of the unique nature of the property interest.'" RoDa Drilling Company v. Siegal, 552 F.3d 1203, 1210 (10th Cir. 2009) (quoting 2006 Woodley Road Joint Venture v. ITT Sheraton Corp., 1998 WL 1469541, *6 (D.Del. 1998)). In RoDa Drilling, the 10th Circuit found irreparable harm due to the plaintiff's inability to access its property interests:

> [T]hese properties are income producing, and realizing their income potential depends upon active management of the properties. That makes potential damages most difficult to prove, if not practically unquantifiable....Decisions concerning drilling, joint operating agreements, sales, farm-outs, operators, and the like must be made day to day. In addition, RoDa has been unable to rely on the properties to finance its expenditures. ... Id. at 1211.

See also Pelfresne v. Village of Williams Bay, 865 F.2d 877, 883 (7th Cir. 1989) ("As a general rule, interference with the enjoyment or possession of land is considered 'irreparable'

since land is viewed as a unique commodity for which monetary compensation is an inadequate substitute.")

### NOTICE OF RIGHTS RESERVED

Claimant reserves his right to time to file this motion and his right to time to find and retain personal legal counsel to represent him. Claimant is currently seeking legal counsel to prepare and file the actual motion; for this reason no proposed filing date has been submitted with this Notice.

Respectfully submitted,

Date: 5-14-2010   /s/ David Everist

### Certificate of Service

I, David Everist, do hereby Certify and Affirm that, I did serve a True and Correct copy of the foregoing legal document upon, Assistant United States Attorney, Neil J. Evans, by placing the same in a sealed envelope, postage pre-paid certified mail, return receipt requested, addressed and directed to the Office of said US Attorney, at- "The Office of the U. S. Attorney, US District Court, 1000 S.W. 3rd Avenue, Portland, Oregon 97204.

/s/ David Everist